UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: SHAMBHALA TREATMENT § | CASE NO. 23-33463 |
| CENTER, LLC, § | (CHAPTER 11) |
| DEBTOR § | |
| | |
| IN RE: CROCKETT PATHWAYS LLC, § | CASE NO. 23-33464 |
| DEBTOR § | (CHAPTER 11) |

JUDGE EDUARDO V. RODRIGUEZ

*NUNC PRO TUNC* APPLICATION TO EMPLOY
HAYES HUNTER PC
AS LEAD COUNSEL PURSUANT TO 11 U.S.C. § 328(a)

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable Eduardo V. Rodriguez,
United States Bankruptcy Judge:**

Shambhala Treatment Center LLC and Crockett Pathways LLC, (the "Movants") file this *Nunc Pro Tunc* Application to Employ Hayes Hunter PC (the "Firm") as lead counsel pursuant to 11 U.S.C. § 328(a) in these jointly administered Chapter 11 proceedings.

**Application to Employ**

1.  The Movants desire to employ the Firm on an hourly basis to represent them before this Court and also in analyzing, negotiating and, if necessary, prosecuting claims for

possession and back rent on the Property[1] which is primary asset at issue in these Chapter 11 proceedings. Movants may also claim for unjust enrichment. Both claims may be asserted against Crockett Independent School District, who continues to occupy a portion of the facilities located on the real property it sold to Debtor Shambala Treatment Center LLC ("Shambhala") on or about October 29, 2021. See **Exhibit A** (Settlement Statement on sale of Property prepared by Houston County Title Company).

2.  Movants are informed and believe and thereon allege that Konstantin Savvon has trespassed on the Property to use it as an example of his portfolio to woo potential investors of his other treatment facilities and real estate projects. If Movants cannot secure sufficient assurances from Mr. Savvon that he will not enter the Property without the expressed permission of Debtor Crockett Pathways LLC, it may also be necessary to secure Mr. Savvon's compliance via court order.

3.  Debtor Crockett Pathways LLC acquired all right, title and interest in the Property from Debtor Shambhala on or about March 3, 2023. See **Exhibit B** (Final Settlement Statement prepared by Sage Title incorrectly dated as March 30, 2023).[2] As part of the sale, Debtor Crockett Pathways LLC took on the responsibility for payment of $300,000 in attorney fees accrued or accruable by Debtor Shambhala with the Hayes Hunter law firm.

4.  Most of this amount accrued in the trial and appeal of a derivative action involving Debtor Shambhala in the Third District Court for Houston County, Texas. The derivative action concerned the disposition of investor funds controlled by then-sole-Managing-

---

[1] The Property is approximately 68 acres on which 26 structures sit located at 1701 SW Loop 304, Crockett, Texas 75835.

[2] The validity of the transfer of the Property from Debtor Shambhala to Debtor Crockett Pathways is disputed by Konstantin Savvon in an action removed to this Court as an adversary proceeding under case number 23-03215, *Savvon v. Crockett Pathways LLC et al.*

Member Konstantin Savvon and the relative ownership interests in Shambhala of Mr. Savvon and Member Chong Sophia Han, the two owners of Shambhala.

5. The trial court awarded Ms. Han sixty percent ownership in Shambhala and ordered Mr. Savvon to repay Shambhala $97,866.81 and to pay $100,000 to Ms. Han in partial payment of the attorney fees of the Hayes Hunter law firm in that state court action. *See* **Exhibit C** (trial court Judgment).

6. As part of her case in chief individually and as representative of Shambhala, Ms. Han offered proof to the trial court that she and her investors had paid the Hayes Hunter firm $144,220.72 against $216,368.99 in fees and expenses incurred prior to trial.

7. As of March 3, 2023, the closing date of the sale of the Property to Crockett Pathways, the fees incurred by Ms. Han individually and derivatively for Debtor Shambala with the Hayes Hunter firm amounted to $279,186.54.  *See* **Exhibit D** – (Hayes Hunter invoice dated March 3, 2023). The additional fees were incurred in the trial of the state court action.

8. In anticipation of future invoices by Hayes Hunter to Shambhala, Ms. Han agreed on behalf of Crockett Pathways LLC to assume responsibility for payment of $300,000 of Shambhala's legal expenses related to the trial and appeal of the matters in dispute between her and Mr. Savvon.  To date, those fees and expenses have totaled $293,032.22. *See* **Exhibit E** (most recent Hayes Hunter invoice).

9. The employment of the Firm is required currently to bring Movants compliant with the Court's orders, to prepare disclosures and a plan of reorganization, and to pursue the estate's claims against third parties.

10. A contingency fee arrangement was not negotiated as the estate would ultimately pay more under such an agreement. Although neither Debtor Shambhala nor Debtor Crockett Pathways has sufficient unencumbered funds with which to engage counsel, the Hayes Hunter

firm has expressed a willingness to defer payment of its invoices until they are reviewed and approved by this Court and funds are generated from the lease or sale of the Property. A deferment fee of twelve (12) percent per month (interest) will apply to any balance unpaid after ten (10) days of Movants' receipt of monthly invoices for the Firm's services.

11. The Firm maintains offices at 4265 San Felipe Street, Suite 1000, Houston, Texas 77027. The Firm's main telephone number is (346) 363-0334. The Firm's fax number is (713) 583-7047.

12. The Movants have selected the Firm because its members have extensive experience in matters relating to the Debtors Shambhala and Crockett Pathways and to Texas real estate transactions generally. The Movants believe that the Firm can provide the estate with the required legal expertise to allow the Movants to handle this Chapter 11 petition and the proposed litigation effectively and prudently.

13. Charles Clinton Hunter of the Firm will be designated as attorney-in-charge and will be responsible for the representation of the Movants by the Firm as set forth in this Application.

14. Charles Clinton Hunter is admitted to practice before all courts in Texas, California and Washington. Mr. Hunter has significant experience in handling litigation matters of this type. The Movants have selected Mr. Hunter because of his prior experience in real estate matters. Movants believe that Mr. Hunter and the Firm are well qualified to represent them. The Movants find no actual conflict in The Firms representation of both Debtors. The conflict has been between Ms. Han and Mr. Savvon. The interests of both Debtors is unified in obtaining the best and most profitable use or disposition of the Property.

15. The Firm will render professional services including, but not limited to:

- assisting the Movants in analyzing, negotiating and prosecuting claims owned by the estate against third parties;

- preparing and filing such pleadings as are necessary to pursue the estate's claims against third parties;

- conducting appropriate examinations of witnesses, claimants and other parties in interest in connection with such litigation;

- representing the Movants in any adversary proceedings and other proceedings before the Court and in any other judicial or administrative proceeding in which the claims described herein may be affected including the appeal of the trial court judgment and supersedeas issues;

- collecting any judgment that may be entered in the contemplated litigation;

- handling any appeals that may result from the contemplated litigation;

- performing any other legal services that may be appropriate in connection with the prosecution of the litigation described above; and

- completing the Chapter 11 petitions filed on behalf of Movants.

**Statement Regarding Connections to the Case**

16. As described above, the Firm has previously represented Ms. Han and Debtor Shambhala prior to this bankruptcy case. The Firm also represents Ms. Han or her affiliated companies and investors in real estate litigation pending in California courts.

17. Except as set forth above and in the attached affidavit, the Firm has no other connection with the Movants, their creditors, any other parties in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee and its attorneys and staff are "disinterested persons" within the definition of Section 101(14) of the Bankruptcy Code on the matters for which the Firm is to be engaged as counsel. *See Affidavit of Charles Clinton Hunter* (filed herewith).

**Compensation**

18.     The Movants have negotiated a contract for services with the Hayes Hunter law firm on the same terms and conditions it rendered services to Ms. Han and Shambhala except that the rate for Mr. Hunter increased during the state court proceedings to $385 an hour, and the rate for associate attorneys of the Firm is now $285 an hour. A copy of the original fee agreement is attached as **Exhibit F**.

19.     Ms. Han personally advanced $8500 to commence the Firm's representation of Movants in state court and in this Court. Except for paying most of the Chapter 11 filing fee of one Movant, the whole of this payment was applied to reduce Movants' pre-petition debt to the Firm. *See* **Exhibit G** (Sept. 5, 2023 invoice of Hayes Hunter to Movants).

20.     In reaching their decision, the Movants have evaluated the estate's available resources, the complexity of the litigation, the anticipated costs, and the associated risks of the litigation.  The Movants are concerned that the estate does not have sufficient resources to employ counsel and any needed forensic expert assistance that may be needed on an hourly fee basis.

21.     However, Ms. Han's investors—William Barrera, Alan Choi and Michael Lee— have sworn to the Court that they will continue to support Movant Crockett Pathways' efforts to reorganize in this Court. Accordingly, Movants believe expert fees and the like may be paid by these investors.

22.     Under the circumstances, the Movants believe that the terms of the proposed agreement are both reasonable and prudent.

23.     Other than reimbursement for its payment of Chapter 11 filing fees, the Firm has not received any funds from the Debtors or any other party in this case.

24. In the accompanying affidavit of Charles Clinton Hunter, the Firm has identified the amount and source of compensation to be paid to the Firm for services rendered in connection with its representation of the Movants in this case.

### Authority for Employment *Nunc Pro Tunc*

25. The Debtors originally contacted the Firm in August 2023 to represent the Debtors in connection with state court litigation to obtain injunctive relief from foreclosure by Secured Creditor Wild Frontier Acquisition LLC. The Firm immediately took action in the case to protect the Debtors' interests and has continuously since represented the Debtors in state court and in their Chapter 11 proceedings. The Firm has addressed the emergency motions of Wild Frontier and the needs of the United States Trustee and the Court for information and protection of the estate. The Firm has promptly taken all necessary actions to file this *nunc pro tunc* application.

26. The Court has discretion to issue an order approving the employment of an attorney *nunc pro tunc* under its general equity powers. *In re Triangle Chemicals, Inc.*, 697 F.2d 1280, 1288-89 (5th Cir. 1983). Bankruptcy Local Rule 2014-1(b) sets forth the requirements for a *nunc pro tunc* application. First, this application was filed as soon as time permitted, given the competing demands of these cases and the other cases of the Firm.

27. Second, unless the order is issued *nunc pro tunc*, the Firm will be denied payment of $43,227.75 of its time and expenses. *See* **Exhibit H** (Nov. 6, 2023, invoice of the Firm to Movants). Finally, as the work represented by the Firm's time and expenses was necessary to preserve the Property for the benefit of the parties in interest, no prejudice will be caused them by approval of employment of the Firm *nunc pro tunc*.

28. The Firm understands that it bears responsibility for ensuring that its employment applications are properly filed with the Court. The Firm has, however, acted reasonably and

prudently in this case. No party has been prejudiced. Under these circumstances, an order *nunc pro tunc* is appropriate.

Accordingly, the Movants request that the Court approve the retention of the Firm as counsel under 11 U.S.C. § 328(a) *nunc pro tunc* as set forth above and for such other relief as is just.

**Dated: November 14, 2023.**

Respectfully submitted,

/s/ *Chong S. Han*
By: _____
Chong S. Han, Managing Member of
SHAMBHALA TREATMENT CENTER, LLC
CROCKETT PATHWAYS, LLC
Chapter 11 Debtors in Possession
58 Naples Lane
Montgomery, Texas 77356
(510) 706-7662
**Movants**

**HAYES HUNTER PC**

/s/ *Charles Clinton Hunter*
By: _____
Charles Clinton Hunter
Texas State Bar No. 24072160
4265 San Felipe Street, Suite 1000
Houston, TX  77027
(469) 694-5376 Direct
(713) 583-7047 (fax)
**Proposed Counsel**

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 14, 2023, he served the above and foregoing on all counsel and parties of record entitled to service via the Court's ECF system and/or via email, including:

George May
TWOMEY | MAY, PLLC
Mailing Address:
PO Box 6574
Kingwood, Texas 77325-6574
Physical Address (No Mail Accepted):
1410 Stone Hollow Drive, Ste. 800
Kingwood, Texas 77339
george@twomeymay.com
*Attorney for Movant, Wild Frontier Acquisitions, LLC*

MEME L. THOMAS
Perdue Brandon Fielder Collins & Mott, LLP
PO Box 2007
Tyler, TX 75710-2007
mthomas@pbfcm.com & tylbkc@pbfcm.com
*Counsel for Houston County, et al*

Christopher Ross Travis,
Office of the United States Trustee
515 Rusk Street Ste 3516
Houston, TX 77002
C.Ross.Travis@usdoj.gov
*US Trustee*

Jayson B. Ruff
Office of the United States Trustee
515 Rusk St. Ste. 3516
Houston, TX 77002
jayson.b.ruff@usdoj.gov
*US Trustee – in related case 23-33464*

And to all other parties accepting electronic service through CM/ECF.

                                                       **/s/ Charles C. Hunter**
                                                       Texas Bar No. 24072160