UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-33463 (EVR) |
| | § | |
| SHAMBHALA TREATMENT CENTER, LLC | § | CHAPTER 11 |
| AND CROCKETT PATHWAYS, LLC | § | |
| | § | (Jointly Administered) |
| DEBTORS. | § | |

**UNITED STATES TRUSTEE'S OBJECTION TO *NUNC PRO TUNC*
APPLICATION TO EMPLOY HAYES HUNTER PC
AS LEAD COUNSEL PURSUANT TO 11 U.S.C. § 328(a)**

[Relates to ECF # 88]

TO THE HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the U.S. Trustee"), files this objection to Debtor's Application to Employ Hayes Hunter PC ("Hayes Hunter") as Counsel for Debtors, Nunc Pro Tunc to Commencement of the Chapter 11 Case, Pursuant to 11 U.S.C. § 328(a) (the "Application to Employ"), and represents as follows:

### I.    SUMMARY OF OBJECTION

1. The U.S. Trustee objects to the Debtor's Application to Employ because Hayes Hunter is not disinterested. Hayes Hunter is a creditor of Crocket Pathways and/or Shambhala Treatment Center and is owed approximately $300,000 for pre-petition services. Hayes Hunter also appears to have adverse interests with respect to the estates and at least one equity security holder. Hayes Hunter's status as a creditor and as a person with adverse interests each in isolation prevent the firm from being disinterested.

2. Additionally, the U.S. Trustee objects on a limited basis to the Debtor's Application to Employ because the Debtor has not requested Hayes Hunter be employed under § 327 and seeks to pay to Hayes Hunter a deferment fee which is not authorized by the bankruptcy code.

1

## II. PROCEDURAL AND FACTUAL BACKGROUND

3. Shambhala Treatment Center, LLC ("Shambhala") and Crockett Pathways, LLC ("Crockett") (collectively the "Debtors") commenced their cases on September 5, 2023, (the "Petition Date") by filing voluntary petitions for relief under Chapter 11 of the United States Code, 11 U.S.C. § 101 et seq.

4. On September 11, 2023, the Debtors amended their petitions to comply with the Court's Order to Amend Petition. [ECF 10 and 2][1]

5. On September 12, 2023, the Court entered an Order for Joint Administration. [ECF 23]

6. The § 341 Meeting of Creditors was held and concluded on October 13, 2023.

7. On October 29, 2021, Shambhala purchased 1701 SW Loop 304 for $3,200,000. [ECF 51-4]

8. On December 1, 2021, Sophie Han and Konstantin Savvon signed a Combined Unanimous Written Consent In Lieu of Special Meeting of the Members and the Initial Manager which was dated October 29, 2021. This document established Sophie Han and Konstantin Savvon each as 50% members of Shambhala.

9. On April 14, 2022, Steven L. Adams provided an appraisal report of 1701 SW Loop 304. Mr. Adams's report indicated that the market value of the real estate in "as-is" condition was $12,250,000. [ECF 19-11 at 4]

10. On January 26, 2023, on behalf of Shambhala, Konstantin Savvon entered into a Foreclosure Forbearance Agreement (the "Forbearance") with Community Loans & Investments, LLC to stop the foreclosure of the subject property. The Forbearance called for $100,000 monthly payments due on the first business day each month until November 1, 2023, when the entire loan

---

[1] ECF references are to documents filed in the main case # 23-33463.

balance must be repaid. [ECF 19-4]

11. On February 10, 2023, Judge Jim Parsons signed a judgment which, among other things, increased Sophia Han's interest in Shambhala to 60% and reduced Konstantin Savvon's interest in Shambhala to 40%. [ECF 16-3]

12. On February 27, 2023, Chong Sophia Han held a special meeting of members, removed Konstantin Savvon as manager of Shambhala, and elected herself as manager of Shambhala. [ECF 16-5]

13. On March 3, 2023, Ms. Han caused Shambhala to transfer 1701 SW Loop 304 to Crockett for $6,000,000.[2][3] [ECF 3-5 and 88-2]

14. On March 9, 2023, the 3rd Judicial District Court in Houston County, TX ordered Sophie Han to void and abandon all actions taken by her at the Members Meeting and to void & rescind any and all deeds transferring the real property located at 1701 S.W. Loop 304.[4] [ECF 17-8]

15. On October 5, 2023, October 11, 2023, and October 19, 2023, the Court held and concluded a hearing on Wild Frontier Acquisitions, LLC's motion for relief from stay. The Court accepted Steven Adams's $12,250,000 sales comparison valuation less a 20% adjustment for changed market conditions which resulted in an adjusted market value of $9,800,000. [ECF 68]

---

2 The consideration for the transfer was substantially all in the form of purported assumptions of various debts including $300,000 owed to Hayes Hunter. Cash payments appear to only be approximately 2% of the sales price.
3 Crockett is an LLC owned 100% by Sophie Han.
4 Ms. Han does not appear to have voided either action. She remains the managing member and has not transferred the property back to Shambhala from Crockett.

3

### III. OBJECTIONS

**HAYES HUNTER IS NOT DISINTERESTED AS REQUIRED BY §§ 327(a) AND 101(14)**

16. In relevant parts, Section 327(a) of the Bankruptcy Code provides that the trustee, with the court's approval, may employ one or more attorneys … that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title. 11 U.S.C. § 327(a).

17. The Bankruptcy Code defines disinterested person as

   a person that –

   (A) is not a creditor, and equity security holder, or an insider;

   (B) is not and was not, within 2 years before the date of the filing of the petition a director, officer, or employee of the debtor; and

   (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reasons of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

**A. Hayes Hunter is a Creditor of at Least One Estate**

18. With only one exception, a debtor's pre-petition counsel is per se disqualified from representing the estate when it holds an unpaid claim against the debtor. *In re: Faith Ozcelebi*, 631 B.R. 629, 640 (Bankr. S.D. Tex. 2021). The lone exception is provided by § 1195 which allows professionals to have a claim less than $10,000 in subchapter V cases. 11 U.S.C. § 1195.

19. Although not included on the amended schedules, Hayes Hunter has a pre-petition claim of approximately $300,000 against one or both estates. [ECF 88 ¶ 3]. This is not a subchapter

V case, so Hayes Hunter is per se disqualified as long as it holds any pre-petition claim.[5]

**B. Hayes Hunter Currently Represents Managing Member Sophie Han in Non-Bankruptcy Related Matters and In the Adversary Case. Shambhala Appears to Have a § 548 Cause of Action Against Ms. Han.**

20. Even the potential for conflict or the mere appearance of impropriety may constitute a disqualifying conflict of interest. *In re: Watson*, 94 B.R. 111, 116 (Bankr. S.D. Ohio 1988). Professionals engaged in the conduct of a bankruptcy estate should be free of the slightest personal interest which might be reflect in their decisions concerning matters of the debtor estate or which might impair the high degree of impartiality and detached judgment expected of them. *In re: Philadelphia Athletic Club, Inc.*, 20 B.R. 328, 334 (E.D. Pa. 1982). There should be no opportunity for the exercise of conflicting interest and no appearance that dual loyalty may exists. *In re: Codesco, Inc.*, 18 B.R. 997, 999 (S.D.N.Y. 1982).

21. In this case, Hayes Hunter represented and currently represents Sophie Han individually in various matters. [ECF 88 ¶¶ 5, 7, 16]

22. It is uncontroverted, that after she elected herself managing member, Ms. Han transferred 1701 S.W. Loop 304 from Shambhala, an entity of which she owns either 50 or 60%, to Crockett, an entity of which she owns 100%. It is also uncontroverted, that at the time of the transfer, Shambhala had an appraisal (the same used by Debtor as evidence in opposition to Wild Frontier's Motion for Relief From Automatic Stay) that valued the property at $12,250,000. [ECF 19-11]. The transfer was for a purported $6,000,000 even though very little cash changed hands.

---

[5] The U.S. Trustee conferred with Charles Hunter, and he seemed willing to waive the pre-petition amounts owed. Nothing has been filed in the record indicating that the claims have been waived. Hayes Hunter's status as a creditor could be cured if it waives its pre-petition claim.

23. The transfer appears to satisfy each of the elements of § 548(a)(1)(B).

   a. Shambhala received $6,000,000 for a property worth $12,250,000. § 548(a)(1)(B)(i).

   b. The transfer made Shambhala insolvent because it left Shambhala with essentially no assets even though some of the debt remained. § 548(a)(1)(B)(ii)(I).

   c. The property remaining with the debtor appears to be a checking account with only $60 in it. § 548(a)(1)(B)(ii)(II).

   d. The Debtor could not make the payments due under the Forbearance agreement as they came due. § 548(a)(1)(B)(ii)(III).

   e. The transfer was to an entity owed 100% by Ms. Han, an insider. § 548(a)(1)(B)(ii)(IV).

24. Subparagraph (B)(ii) of Section 548 only requires one of four criteria be met. Here, all four appear to be satisfied.

25. Shambhala appears to have a valid fraudulent transfer claim against Crockett and Ms. Han, but Hayes Hunter could not pursue the claim on behalf of Shambhala because it would have to bring the action against another current client. Additionally, Konstantine Savvon has already filed suit against Sophie Han and Crocket Pathways over this exact transfer, and Debtors removed the lawsuit to the bankruptcy court under adversary case 23-03215. The interest of Shambhala and Sophie Han appear to be in direct conflict. Hayes Hunter cannot represent both entities.

**C. Hayes Hunter is Currently Litigating Against Konstantine Savvon on behalf of Ms. Han. Mr. Savvon is an Equity Holder of Shambhala, and the Outcome of the Litigation Could Affect the Legitimacy of the Bankruptcy Filing.**

26. Section 101(14) makes clear that to be disinterested, a person must not have an interest materially adverse to equity security holders. 11 U.S.C. § 101(14).

27. Hayes Hunter litigated against Konstantine Savvon in state court. Mr. Savvon was originally a 50% member of Shambhala, and his ownership interest was reduced to 40% on February 10, 2023. However, after the change in ownership percentages was ordered, the same state court ordered Sophie Han to abandon her removal of Mr. Savvon as managing member and appointment of herself as managing member and transfer the property back to Shambhala. Ms. Han did not obey the state court's order and remains as the sole managing member of Shambhala and has not returned the property to Shambhala.

28. Hayes Hunter's interest, as Ms. Han's attorney, is directly adverse to Mr. Savvon. If Ms. Han would have followed the state court's order, Mr. Savvon would own 40% of an entity with assets worth approximately $10,000,000 and debts of approximately $6,000,000. It also appears likely that Ms. Han would not have had the authority to put Shambhala into bankruptcy if she would have reversed the actions taken at the member meeting as ordered by the state court.

29. At least one equity holder of Shambhala appears to have been placed in a worse financial situation after the company was made insolvent and put into bankruptcy. The same attorney cannot defend against the action that made Shambhala insolvent and represent Shambhala in the bankruptcy case.

### IV.     LIMITED OBJECTIONS

**A. If Employed, Hayes Hunter Should be Employed Under § 327(a) not § 328(a).**

30.     Section 327(a) allows the debtor-in-possession to employ, with the court's approval, attorneys that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent it in carrying out its duties. 11 U.S.C. §§ 327(a), 1107(a).

31.     Section 328 governs the ways professional persons may be compensated. It does allow employment. *See* 11 U.S.C. § 328.

32.     If Hayes Hunter's employment is approved, the Court should modify the proposed order to make clear that the employment is under § 327 and subject to its requirements.

**B. Hayes Hunter May Not Charge Debtors Interest on Monthly Invoices**

33.     Section 331 provides that a debtor's attorney employed under section 327 may apply to the court not more than once every 120 days after an order for relief, or more often if the court permits… After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement. *See* 11 U.S.C. § 331. Interim compensation is subject to final approval under § 330, and if the amount of interim compensation exceeds the amount awarded under § 330, the court may order the return of the excess to the estate. 11 U.S.C. § 330(a)(5).

34.     A Debtor's attorney's fees are administrative expenses and are given second priority. 11 U.S.C. §§ 503(b)(2), 507(a)(2). The Bankruptcy Code does not require payment of these expenses until the effective date of the plan. 11 U.S.C. § 1129(a)(9)(A). There is no code section that provides post-petition interest on administrative claims like it does oversecured claims. *See* 11 U.S.C. § 506(b).

35.     Hayes Hunter recognizes that neither Debtor can currently afford to pay counsel and has indicated that it will invoice the Debtor monthly and will charge a deferment fee of twelve

(12) percent per month (interest) on unpaid balances.6 [ECF 88 ¶ 10]

36.    If approved for employment, Hayes Hunter should not be able to apply for interim compensation more often than every 120 days unless it files a separate motion requesting a shorter period. Even if such request is granted, the court should not allow Hayes Hunter to charge any amount of interest on unpaid amounts.

## V.    CONCLUSION

37.    Hayes Hunter does not appear to meet the disinterested and lack of adverse interest standards imposed by the code. The application seeks employment under the wrong code section, requests a very high rate of post-petition interest, and circumvents the interim compensation requirements imposed by the code.

38.    **WHEREFORE**, the U.S. Trustee respectfully requests that Debtors Nunc Pro Tunc Application to Employ Hayes Hunter PC as Lead Counsel be denied and grant such other and further relief as the Court may deem just and proper.

Dated: December 5, 2023

KEVIN M. EPSTEIN
United States Trustee Region 7
Southern and Western Districts of Texas

By:    /s/ C. Ross Travis
C. Ross Travis
Trial Attorney
LA State Bar No. 40083
515 Rusk, Suite 3516
Houston, Texas 77002
Telephone: (713) 718-4677
Mobile: (202) 603-5225
C.Ross.Travis@usdoj.gov

---

6 The stated amount appears usurious. We believe the 12% interest rate was intended to be an annualized interest rate.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the parties on the attached list by United States Mail, first class, postage prepaid, and/or by electronic means for all Pacer system participants on December 5, 2023.

By: */s/ C. Ross Travis*
C. Ross Travis
Trial Attorney
LA State Bar No. 40083
515 Rusk, Suite 3516
Houston, Texas 77002
Telephone: (713) 718-4677
Mobile: (202) 603-5225
C.Ross.Travis@usdoj.gov

**By Mail to Debtors:**

**Shambhala Treatment Center, LLC**
**58 Naples Lane**
**Montgomery, TX 77356**