UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SHAMBHALA TREATMENT CENTER, LLC | § | CASE NO. 23-33463 |
| and | § | |
| CROCKETT PATHWAYS, LLC | § | Jointly Administered |
| | § | |
| Debtors | § | CHAPTER 11 |

**KONSTANTIN SAVVON'S OBJECTION TO NUNC PRO TUNC
APPLICATION TO EMPLOY HAYES HUNTER PC
AS LEAD COUNSEL PURSUANT TO 11 U.S.C. § 328(A)**
(Relates to docket #88)

TO THE HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Konstantin Savvon ("Savvon"), files this objection to Debtor's Application to Employ Hayes Hunter PC ("Hayes Hunter") as Counsel for Debtors, Nunc Pro Tunc to Commencement of the Chapter 11 Case, Pursuant to 11 U.S.C. § 328(a) (the "Application to Employ"), and represents as follows:

### I. BACKGROUND

1. On October 29, 2021, Shambhala purchased 1701 SW Loop 304 for $3,200,000.

2. On December 1, 2021, Sophie Han ("Han") and Konstantin Savvon ("Savvon") signed a Combined Unanimous Written Consent In Lieu of Special Meeting of the Members and the Initial Manager which was dated October 29, 2021. This document established Han and Savvon each as 50% members of Shambhala.

3. On April 14, 2022, Steven L. Adams provided an appraisal report of 1701 SW Loop 304. Mr. Adams's report indicated that the market value of the real estate in "as-is" condition was $12,250,000.

4. On January 26, 2023, on behalf of Shambhala, Savvon entered into a forbearance agreement stop the foreclosure of the subject property.

5. On February 10, 2023, Judge Jim Parsons signed a judgment which increased Han's interest in Shambhala to 60% and reduced Savvon's interest in Shambhala to 40%.

6. On February 27, 2023, Han held a special meeting of members, removed Savvon as manager of Shambhala, and elected herself as manager of Shambhala.

7. On March 3, 2023, Han transferred 1701 SW Loop 304 to Crockett Pathways, LLC for $6,000,000.

8. On March 9, 2023, the 3rd Judicial District Court in Houston County, TX ordered Han to void and abandon all actions taken by her at the Members Meeting and to void and rescind any and all deeds transferring the real property located at 1701 S.W. Loop 304.

9. On September 5, 2023, Han, without consent from Savvon, commenced cases for both Shambhala Treatment Center, LLC ("Shambhala") and Crockett Pathways, LLC ("Crockett") (collectively the "Debtors").

10. On September 12, 2023, the Court entered an Order for Joint Administration.

11. The § 341 Meeting of Creditors was held and concluded on October 13, 2023.

## II.    SUMMARY OF THE OBJECTIONS

12. To be employed by the estate, the professional applying to be employed must not hold or represent an interest adverse to the estate and must be disinterested[1]. For the reason set out below, Hayes Hunter does not meet the disinterested nor the adverse interest element, because Hayes Hunter is a creditor of both Estates and holders an adverse interest to one of the equity security holders.

---

[1] 11 U.S.C § 327.

### III. OBJECTIONS

#### a. Hayes Hunter is a Creditor

13. By Hayes Hunter's own admission[2], Hayes Hunter is owned $300,000.00 from Shambhala Treatment Center, LLC and "as part of the [March 30, 2023] sale, Debtor Crockett Pathways LLC took on the responsibility for payment of $300,000.00 in attorney fees accrued or accruable by Debtor Shambhala with the Hayes Hunter law firm."[3]

14. Hayes Hunter is a creditor of both Debtors, which make Hayes Hunter hold an adverse interest to Debtors. Hayes Hunter therefore cannot satisfy a required element of § 327.

#### b. 548 Cause of Action

15. Ms. Han transferred 1701 S.W. Loop 304 from Shambhala to Crockett for a note $6,000,000.00 for a property that Ms. Han's appraisal valued the property at $12,250,000.00. Hayes Hunter could not pursue this claim, if employed by both Estates.

16. Hayes Hunter has spent considerable amount of time in a lawsuit representing Han and Shambhala and Savvon. If Hayes Hunter was to be employed, Hayes Hunter would have to prosecute chapter 5 causes of action against his former client. Hayes Hunter thus cannot satisfy the element adverse interest or the disinterested elements, required to be employed by the Debtors.

#### c. Hayes Hunter is not Disinterested

17. Hayes Hunter is not disinterested as defined by 101(14). Hayes Hunter has pending lawsuits against one of the equity interest holders. This application should be denied because Hayes Hunter does not satisfy the disinterested element of § 327.

---

[2] See Affidavit of Charles Hunter, filed at docket 88-8.
[3] See Nunc Pro Tunc Application to Employ Hayes Hunter PC as Lead Counsel Pursuant to 11 U.S.C. § 328(a), filed at docket 88.

## IV. CONCLUSION

WHEREFORE, Savvon respectfully requests that Debtors Nunc Pro Tunc Application to Employ Hayes Hunter PC as Lead Counsel be denied and grant such other and further relief as the Court may deem just and proper.

December 8, 2023

                      Respectfully submitted,

                      **TRAN SINGH LLP**

                      */s/Brendon Singh*
                      Susan Tran Adams| TBN: 24075648
                      Brendon Singh | TBN: 24075646
                      2502 La Branch Street
                      Houston TX 77004
                      Ph: (832) 975-7300
                      Fax: (832) 975-7301
                      Email: bsingh@ts-llp.com
                      **ATTORNEYS FOR SAVVON**