United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 12, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-33463 |
| **SHAMBHALA TREATMENT CENTER** | § | |
| **LLC** | § | |
| and | § | |
| **CROCKETT PATHWAYS LLC,** | § | |
| Debtors. | § | Jointly Administered |
| | § | CHAPTER 11 |

**ORDER**
*Resolving ECF No. 162*

Pending before the Court is a single matter self-styled as "Debtors' Motion To Set Aside Wild Frontier's Notice Of Termination Of Automatic Stay"[1] ("*Motion To Set Aside*") filed by Crockett Pathways LLC ("*Crockett*") on January 5, 2024. The Court held a final hearing on this matter on January 12, 2024.

### I. JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related to cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[2] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (G) this is a core proceeding as it concerns a motion to terminate, annul, or modify the automatic stay and the administration of the estate.[3] Furthermore, this Court may only hear a case in which venue is proper.[4] Pursuant to 28 U.S.C. § 1408(1) venue is proper in this case.

The pending dispute before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G). Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order here.[5] Alternatively, this Court has

---

[1] ECF No. 145.

[2] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

[3] 11 U.S.C. § 157(b)(2); s*ee also In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").

[4] 28 U.S.C. § 1408.

[5] See, e.g., *Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); see also *Tanguy v. West (In re Davis),* No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against

constitutional authority to enter a final order because all parties in interest have consented, impliedly if not explicitly, to adjudication of this dispute by this Court.[6] The parties have engaged in litigation in front of this Court, including numerous hearings and motions practice. None of these parties has ever objected to this Court's constitutional authority to enter a final order or judgment. These circumstances unquestionably constitute implied consent. Thus, this Court wields the constitutional authority to enter a final order here.

## II.   Analysis

Pending before the Court is a single matter: (A) Motion to Set Aside filed by Crockett on January 5, 2024. The Court will now consider the Motion to Set Aside.

### A.  Motion to Set Aside

Crockett seeks to set aside the notice of termination of the automatic stay filed by Wild Frontier Acquisitions, LLC ("*Wild Frontier*") on December 29, 2023, and reinstate the automatic stay.[7] Crockett contends that the insurance purchased to protect Wild Frontier's interest in the property located at 1701 SW Loop 304, Crockett, TX 75835 ("*Property*") complies with this Court's order at ECF No. 125.[8]

On December 20, 2023, this Court ordered Crockett and Shambhala Treatment Center, LLC ("*Shambhala*" and together with Crockett ("*Debtors*")) to, with respect to the Property:

> obtain **commercial** property damage, fire and windstorm insurance in amount not less than Wild Frontier's secured claim, purchase said insurance from an insurer that is authorized to do business in the state of Texas or an eligible surplus lines insurer; and name Wild Frontier as the person to be paid under the policy in the event of a loss. **Said insurance shall be sufficient to cover an unexpected loss resulting from property damage, fire, or windstorm damage regardless if associated with new construction or renovations/repairs**.[9]

On December 28, 2023, Debtors filed a certificate of compliance that they complied with this Court's order and obtained the required insurance on the property.[10] Wild Frontier contends that this insurance obtained by the Debtors is another builders risk policy that does not comply with this Court's December 20, 2023, order.[11] At the hearing, it was made clear that the new insurance

---

the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend *Stern's* limited holding herein.") (Citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).

[6] *Wellness Int'l Network, Ltd. v. Sharif,* 575 U.S.655, 135 S. Ct. 1932, 1947, 191 L.Ed.2d 911 (2015) ("*Sharif* contends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be expressed. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent . . . .").

[7] ECF No. 162.
[8] ECF No. 162.
[9] ECF No. 125.
[10] ECF No. 141.
[11] ECF No. 142.

policy is another builders risk policy and not a commercial policy as ordered by this Court.[12] The Court's December 20, 2023, order unequivocally required a commercial policy and Debtors have willfully chosen to not comply with this Court's order.[13] Accordingly, it is therefore:

**ORDERED**:  that

1. "Debtors' Motion To Set Aside Wild Frontier's Notice Of Termination Of Automatic Stay"[14] filed by Crockett Pathways, LLC on January 5, 2024, is DENIED.

SIGNED January 12, 2024

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[12] January 12, 2024, Courtroom Minutes (witness testimony).
[13] ECF No. 125.
[14] ECF No. 162.